J-S29037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER  CARROLL | : | |
| | : | |
| Appellant | : | No. 837 EDA 2017 |

Appeal from the PCRA Order January 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002626-2009

BEFORE:   PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 30, 2018**

Appellant, Christopher Carroll, appeals *pro se* from the January 25, 2017, order entered in the Court of Common Pleas of Philadelphia County dismissing his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On January 4, 2009, at approximately 6:20 p.m., Martin Griffin, who had been a full-time Philadelphia firefighter for twenty-three years, was watching a football game in a Philadelphia bar when Appellant came to the front door of the bar, called Mr. Griffin a derogatory name, and demanded that he come outside.  ***See Commonwealth v. Carroll***, No. 3231 EDA 2010 (Pa.Super. filed 3/28/12) (unpublished memorandum).  Mr. Griffin complied and, once he was outside,

_____
*   Former Justice specially assigned to the Superior Court.

Appellant struck him with brass knuckles. *See id.* Mr. Griffin suffered serious injury from the attack, and a jury convicted Appellant of aggravated assault and simple assault. The trial court sentenced Appellant to an aggregate of ten years to twenty years in prison.

Appellant filed a counseled direct appeal contending the trial court erred in permitting a police officer to testify concerning the content of two radio calls received on January 4, 2009, and the prosecutor committed misconduct during closing arguments. Rejecting Appellant's issues, this Court affirmed the judgment of sentence on March 28, 2012. *See id.*

Thereafter, Appellant did not file a petition for allowance of appeal with our Supreme Court; however, he filed a timely, *pro se* PCRA petition. The PCRA court appointed counsel, who filed a motion to withdraw his representation and a *Turner/Finley*[1] no-merit letter. By order entered on September 23, 2016, the PCRA court provided Appellant with notice of its intent to dismiss Appellant's PCRA petition.

On December 15, 2016, Appellant filed a *pro se* response to counsel's *Turner/Finley* no-merit letter, as well as the PCRA court's notice of intent to dismiss. By order entered on January 25, 2017, the PCRA court dismissed Appellant's PCRA petition,[2] and this timely, *pro se* appeal followed.

---

[1] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc.*)

[2] The PCRA court also filed an order granting counsel's motion to withdraw.

On March 27, 2017, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court's order complied fully with Pa.R.A.P. 1925. Specifically, the order informed Appellant that he was required to file his concise statement within twenty-one days, that he was required to file a copy and serve a copy of the statement on the trial judge, and that the failure to comply with the order would result in waiver of issues on appeal. The concise statement order was docketed, and a notation on the docket indicates that the order was served on Appellant via first class mail on March 27, 2017.

Thereafter, on June 27, 2017, Appellant filed a *pro se* Rule 1925(b) Statement,[3] in which he set forth the following (verbatim):

> COMES NOW, [Appellant] in the above captioned appeal, who in compliance with the Order of the Honorable Michael E. Erdos dated March 27, 2017, hereby provides the following statement of matters complained of on appeal with respect to the PCRA court's denial of the PCRA petition on January 25, 2017.
>
> 1. With holding [*sic*] exculpatory evidence
> 2. The courts denied Defendant his right to speedy trial (18 months for trial) et al.

_____

[3] Although Appellant's Rule 1925(b) statement was entered on the docket on June 28, 2017, we deem it to have been filed on June 27, 2017, when Appellant handed it to prison officials for mailing. **See Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa.Super. 2006) (noting that pursuant to the prisoner mailbox rule, a document is deemed filed when placed in the hands of prison authorities for mailing).

Appellant's *Pro Se* Rule 1925(b) Statement, filed 6/27/17. On August 29, 2017, the PCRA court filed a Pa.R.A.P. 1925(a) opinion in which it declined to address the "issues" raised in Appellant's Rule 1925(b) statement and, instead, indicated that Appellant waived his issues for appellate review.

On appeal, in his appellate brief, Appellant sets forth the following issues in his Statement of Questions Involved (verbatim):

1. Did the PCRA Court err in concluding that [Appellant's] previously unlitigated issues in his petition was [*sic*] waived because he raised issues under the rubric of ineffective assistance of counsel?

2. Whether the PCRA Court erred in finding [Appellant's] petition did not meet the standards of pleadings drafted by lawyers that the claims of ineffective assistance of counsel were not cognizable?

3. Was PCRA Counsel ineffective by failing to argue trial counsel's ineffectiveness in neglecting to assert that [Appellant's] Sixth Amendment right to Counsel and his corresponding State Constitutional right to Counsel were violated?

4. Was [Appellant] abandoned by PCRA Counsel when he failed to amend [the] petition and file Appellant Brief realecting [*sic*] to assert that [Appellant's] Sixth Amendment right to Counsel were violated?

Appellant's *Pro Se* Brief at 3.

Initially, we address the Commonwealth's argument that Appellant has waived his issues for appellate review. In general, issues raised in an untimely Pa.R.A.P. 1925(b) statement are waived. **Commonwealth v. Castillo**, 585 Pa. 395, 888 A.2d 775, 776 (2005). When a criminal defendant is represented by counsel, counsel's failure to file a timely Pa.R.A.P. 1925(b) statement constitutes ineffective assistance *per se.* **Commonwealth v. Thompson**, 39

A.3d 335, 340, n.11 (Pa.Super. 2012). The remedy for such ineffectiveness is remand to the trial court, either for the filing of a Rule 1925(b) statement *nunc pro tunc* or the filing of a Rule 1925(a) opinion addressing the issues raised in an untimely 1925(b) statement. **See** Pa.R.A.P.1925(c)(3); **Thompson**, **supra**.

However, Pa.R.A.P. 1925 makes no such allowance when (as here) the criminal defendant represents himself on appeal *pro se.* In general, a *pro se* defendant's failure to file a timely Pa.R.A.P. 1925(b) statement in a PCRA appeal constitutes waiver of all issues.[4] **See Commonwealth v. Butler**, 571 Pa. 441, 812 A.2d 631, 634 (2002) (holding PCRA defendant's failure to comply with order to file Pa.R.A.P.1925(b) statement resulted in automatic waiver of any issues he may have raised on appeal). By filing an untimely Pa.R.A.P. 1925(b) statement *pro se*, Appellant has waived his issues on appeal in the case *sub judice*.[5]

---

[4] Issues relating to the legality of the defendant's sentence constitute an exception to the waiver rule. **Commonwealth v. Orellana**, 86 A.3d 877, 883 n.7 (Pa.Super. 2014) (citation omitted) (Superior Court "is endowed with the ability to consider an issue of illegality of sentence *sua sponte*"). However, in the case *sub judice*, Appellant has not presented legality of sentencing claims.

[5] As indicated *supra*, the PCRA court's Rule 1925(b) order complied fully with the requirements of Rule 1925. **See In re L.M.**, 923 A.2d 505, 509-10 (Pa.Super. 2007) (holding that the "strict application of the bright line rule in [**Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1990),] necessitates strict interpretation of the rules regarding notice of Rule 1925(b) orders.").

Additionally, as the Commonwealth notes, Appellant's issues are further waived as his Rule 1925(b) statement is vague and does not reasonably suggest any of the issues, which he presented in his appellate brief. **See** Pa.R.A.P. 1925(b)(4)(ii), (vii).

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/18